UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN V. SANN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1182-JMS-TAB |
| | ) | |
| PATRICK F. MASTRIAN, III, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

In 2006, Plaintiff Steven Sann retained Defendant Patrick F. Mastrian, III to represent him in a case before this Court. The Case Management Plan in that action required disclosure of experts by September 29, 2006, but Mastrian did not file the disclosure until October 31, 2006. Because of the untimely filing, the Court barred the expert from testifying. *Landeen v. PhoneBILLit, Inc.*, 519 F. Supp. 2d 844, 848 (S.D. Ind. 2007).

Sann sued Mastrian for legal malpractice arising out of the missed deadline. [Docket No. 1.] Mastrian raised as an affirmative defense that Sann's injuries are the result of the comparative fault of nonparty attorneys and law firms whose representation of Sann preceded or followed his own. [Docket No. 14 at 3.]

Mastrian now seeks discovery about the nonparties' representation of Sann. Mastrian asked Sann to sign authorizations for the release of the files of The Nice Law Firm, Jon Shields, and Krieg DeVault [Docket No. 52-1 (Ex. A)], which Sann declined to provide. Mastrian also served requests for production for "[t]he entire client file of Jon Shields" and "[a]ny and all notes, correspondence, or other evidence of conversations between [Sann] and any of the attorneys employed by [Sann] to represent his interests in [*Landeen*]." [Docket No. 52-2 (Ex.

B).] Sann responded that he does not rely on or possess the files, production would be unduly burdensome, many of the documents in the files are publicly available, and many of the documents are privileged.

After informally attempting to resolve the dispute, Mastrian moved for an order compelling Sann's responses and signed authorizations, as well as fees and expenses. [Docket No. 52.] Mastrian argues that these items are essential for him to defend himself against Sann's malpractice claim and to prove his affirmative defenses involving proximate cause, incurred and assumed risk, failure to mitigate damages, and nonparty fault. [Docket No. 53 at 5.] Mastrian claims that Sann waived any attorney-client or work product privilege covering the materials by failing to provide a privilege log and by bringing a legal malpractice action. [Docket No. 53 at 4–7.]

      A.    *Privilege log*

The Court first addresses Mastrian's argument that Sann waived the attorney-client privilege by failing to produce a privilege log for the requested files. [Docket No. 59 at 1.] Federal Rule of Civil Procedure 26(b)(5) provides that to claim a privilege, a party must expressly make the claim and describe the nature of the privileged items so that the other party may assess the claim. The Court may order disclosure of privileged documents as a sanction for failure to provide a proper privilege log, but it is reluctant to do so. *See Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007) ("[B]lanket waiver is not a favored remedy for technical inadequacies in a privilege log."). This is particularly so when the documents at issue are the contents of counsels' files—many of which would by their nature be privileged. Reflexively requiring a comprehensive privilege log under these circumstances would be an unnecessary

expenditure of time, and the Court will overlook Sann's failure to provide a log.

   B.   *Waiver by suing for malpractice*

Mastrian next argues that Sann waived the attorney-client and work product privileges by bringing a malpractice action. Mastrian is correct that waiver occurs when the client attacks the professional integrity of the attorney, such as in a malpractice suit. *Logston v. State*, 363 N.E.2d 975, 977 (Ind. 1977); *see also* 1 Kenneth S. Broun, *McCormick on Evidence* § 91.1 (6th ed. 2006) ("The weight of authority seems to support the view that when client and attorney become embroiled in a controversy between themselves, as in an action by the attorney for compensation or by the client for damages for the attorney's negligence, the seal is removed from the attorney's lips."). But that waiver applies to Sann's communications with Mastrian, which are not at issue. Instead, Mastrian seeks the communications and materials in other attorneys' files—attorneys who are not embroiled in controversy with Sann.

In support of this broader waiver, Mastrian points to *Brown v. Katz*, 868 N.E.2d 1159 (Ind. Ct. App. 2007). *Brown*, like this case, involved discovery of attorney files. But that appellate decision turned on the plaintiff's repeated failure to produce a proper privilege log, not whether suing an attorney waived privileges. *Id.* at 1168. In this case, as explained above, the Plaintiff's privilege log shortcomings have been excused. Additionally, the claim in *Brown* was for malicious prosecution—a broad claim covering the attorneys' actions throughout the case. Here, Sann's malpractice claim is limited to the specific act of Mastrian's missing an expert disclosure deadline, and does not involve the nonparty attorneys. Further, Mastrian has not explained what he hopes to find in the other attorneys' files to support his affirmative defenses. Under these circumstances, the privilege has not been waived, and the Court will not permit

3

Mastrian to rummage through privileged materials in hopes of finding treasure.

Because the Court concludes that Sann has not waived any privilege, it is unnecessary to consider whether Sann controls the files, whether portions of the files have already been produced, or whether production would be unduly burdensome. Mastrian's motion to compel [Docket No. 52] is denied.

Dated: 11/29/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Brian L England
HUNT SUEDHOFF KALAMAROS LLP
bengland@hsk-law.com

Jessica L. Greyerbiehl
HUNT SUEDHOFF KALAMAROS LLP
jgreyerbiehl@hsk-law.com

Philip Edward Kalamaros
HUNT SUEDHOFF KALAMAROS
pkalamaros@hsk-law.com

Robert Joseph Nice
THE NICE LAW FIRM
rjnice@nice-law.com