UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN V. SANN, <br>    *Plaintiff*, <br> <br> *vs.* <br> <br> PATRICK F. MASTRIAN, III, <br>    *Defendant.* | ) <br> ) <br> ) <br> )     1:08-cv-01182-JMS-MJD <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

Presently before the Court is Defendant Patrick Mastrian's Objection to Magistrate Judge's Order on Plaintiff's Motion for Protective Order. [Dkt. 110.] For the reasons set forth herein, the Court overrules Mr. Mastrian's objection.

### I.
#### BACKGROUND

In this lawsuit, Plaintiff Steven Sann alleges that Mr. Mastrian committed legal malpractice as one of his counsel of record by failing to meet an expert report deadline in the case *Landeen v. PhoneBILLit, Inc. et. al.*, 1:04-cv-01815-LJM-JMS. Mr. Sann did not appeal the dismissal of that case. *Landeen v. PhoneBILLit, Inc. et. al*, 519 F.Supp.2d 844 (S.D. Ind. 2007). Krieg DeVault, Jon Shields, and Robert J. Nice, who were also counsel to Mr. Sann during *Landeen*, have been named as non-parties here for their alleged comparative fault arising from their advice and representation of Sann during that case.

In connection with this comparative fault defense, Mr. Mastrian seeks to discover attorney-client communications between Mr. Sann and all former and present legal counsel regarding the underlying *Landeen* suit. Asserting attorney-client and work-product privileges, Mr. Sann filed a motion for protective order. [Dkt. 103.] Magistrate Judge Dinsmore granted, in

part, Mr. Sann's motion. [Dkt. 107.] In his order, Magistrate Judge Dinsmore found that Mr. Sann's communications with The Nice Law Firm were protected under the attorney-client privilege. [Dkt. 107 at 10-11.] Mr. Mastrian now seeks review of that order.[1] [Dkt. 110.]

## II.
### STANDARD OF REVIEW FOR A NONDISPOSITIVE RULING

Mr. Mastrian asks the Court to review the magistrate judge's ruling *de novo*, characterizing the outcome of the discovery motion as "virtually dispositive" as to defendant's non-party and affirmative defenses. [Dkt. 111 at 4.] However, this ruling is nondispositive within the meaning of Rule 72(a). The magistrate's statute, 28 U.S.C. § 636(b)(1)(A), provides a list of specifically identified dispositive motions; the list does not include motions for protective orders. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (holding that a motion not specifically listed as a dispositive motion is nondispositive). Therefore, the Court will review the magistrate judge's ruling under a clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (requiring the Court to set aside any part of a nondispositive order that is clearly erroneous or contrary to law).

## III.
### DISCUSSION

**A. The "At-Issue" Waiver Doctrine**

In diversity claims like this one, federal courts apply the applicable state law regarding attorney-client privilege. Fed. R. Evid. 501; *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987) (applying Indiana law). Indiana Code § 34-46-3-1 protects from mandatory disclosure "confidential communications made to [attorneys] in the course of their professional business, and … advice given in such cases." Privilege remains until the client

---

[1] Magistrate Judge Dinsmore made no ruling on the work-product claim of The Nice Law Firm, pending receipt of a more detailed privilege log. To the extent that Mr. Mastrian objects to the order on the work-product of The Nice Law Firm, the court finds the objection premature. That part of Mr. Mastrian's objection is denied without prejudice.

2

consents to the disclosure, and it can be waived only by conduct attributable to the client. *Brown v. Katz*, 868 N.E.2d 1159, 1166 (Ind. Ct. App. 2007). Waivers can occur either explicitly or by implication. *Lorenz*, 895 F.2d at 1098. When a holder of confidential information relies on a legal claim or defense that requires confidential disclosure for its truthful resolution, there is an implicit consent to the disclosure. *Id*.

Mr. Mastrian argues that "all matters regarding the underlying case are within the acceptable scope of discovery in this case." [Dkt. 111 at 8.] He contends that his non-party and comparative fault defenses compel the disclosure of confidential communication between Mr. Sann and The Nice Law Firm. [Dkt. 111 at 7.] Mr. Mastrian further maintains that Mr. Sann has waived privilege for the entire pendency of *Landeen*, [dkt. 111 at 5-6], entitling Mr. Mastrian to discovery of any privileged communication that will aid in his affirmative defenses. He is mistaken.

The magistrate judge's ruling was sound under existing law. The Court agrees with Magistrate Judge Dinsmore that the at-issue waiver includes communications with all legal counsel up to the date of the alleged malpractice, but not those subsequent. [Dkt. 107 at 5.] An at-issue waiver does not occur simply because the opposing party decides to assert a defense that would benefit from the privileged communication; privilege may be waived only by conduct attributable to the holder of the privilege. *Brown*, 868 N.E.2d at 1166. The attorney-client privilege is implicitly waived when "the *client* asserts claims or defenses that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Electronics Corp.,* 58 F.3d 1171, 1175, fn. 1 (7th Cir. 1995) (emphasis added). *See also Fischel & Kahn, Ltd. v. Straaten Gallery, Inc.*, 727 N.E.2d 240, 244 (Ill. 2000) (finding that the attorney-client privilege is not waived when the

defendant puts damages at issue by asserting a non-party claim or affirmative defense alleging that the present counsel contributed to or failed to mitigate damages).

The possibility that privileged communications could provide the opponent with relevant evidence is not a sufficient basis for finding a waiver of the attorney-client privilege. *Harter v. University of Indianapolis*, 5 F. Supp.2d 657, 665 (S.D. Ind. 1998). A client does not implicitly waive the attorney-client privilege unless he relies specifically on advice of counsel to support a claim or defense. *Id.* Here, Mr. Sann cannot be deemed to have waived privilege just because Mr. Mastrian has asserted non-party and comparative fault defenses. Indeed, as Mr. Sann correctly points out, to allow defendant attorneys to obtain privileged communication between former clients and their new counsel simply by placing damages at issue "would render the privilege illusory in all legal malpractice actions." [Dkt. 115 at 4] (quoting *Fischel & Kahn, Ltd.,* 727 N.E.2d at 244). For these reasons, the Court concludes that the magistrate judge's decision was not contrary to law and overrules Mr. Mastrian's objection.

**B. Evidentiary Implications of the Court's Ruling**

Mr. Mastrian is correct, however, that the privilege may not be used as "both a sword and a shield." [Dkt. 111 at 9.] The Court is concerned, therefore, that any explanation offered by Mr. Sann for why he did not appeal in *Landeen* may well implicate attorney-client communication after the alleged date of malpractice, placing the communication between Mr. Sann and all legal counsel at issue and effectively waiving the privilege. It may well be that Mr. Sann has already taken a position with respect to this issue in discovery, but such information has not been provided to the Court.

The Court therefore requests that the magistrate judge conduct a conference with the parties to determine whether Mr. Sann intends to offer an explanation as to his decision not to

appeal, to determine whether such explanation constitutes an "at issue" waiver of any privileged communications as to the appeal. This issue should be resolved, well in advance of trial.

## IV.
### CONCLUSION

Magistrate Judge Dinsmore's Order on Plaintiff's Motion for Protective Order was neither clearly erroneous nor contrary to law. Therefore, the Court **OVERRULES** Mr. Mastrian's objection. [Dkt. 110.]

The magistrate judge shall further confer with the parties, consistent with the directive above, concerning the Mr. Sann's explanation, if any, as to why he didn't appeal the dismissal decision in the *Landeen* case.

09/13/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Brian L England
HUNT SUEDHOFF KALAMAROS LLP
bengland@hsk-law.com

Jessica L. Greyerbiehl
HUNT SUEDHOFF KALAMAROS LLP
jgreyerbiehl@hsk-law.com

Philip Edward Kalamaros
HUNT SUEDHOFF KALAMAROS
pkalamaros@hsk-law.com

Robert Joseph Nice

THE NICE LAW FIRM

rjnice@nice-law.com