UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STEVEN V. SANN,                          )
                                         )
        Plaintiff,                       )
    vs.                                  )    NO. 1:08-cv-01182-JMS-MJD
                                         )
PATRICK F. MASTRIAN III,                 )
                                         )
        Defendant.                       )

ENTRY GRANTING SECOND MOTION FOR PROTECTIVE ORDER
AND DENYING MOTION TO COMPEL

This matter is before the Court on Plaintiff Steven Sann's Second Motion for Protective Order [Dkt. 137] pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) and Defendant Patrick Mastrian's Motion to Compel Deposition Answers [Dkt. 144]. The Court, being duly advised, **GRANTS** Plaintiff's Motion for Protective Order and **DENIES** Defendant's Motion to Compel, as follows:

**I.**
**BACKGROUND**

This matter once again concerns Defendant's attempt to obtain disclosure of Sann's communications with his attorney, Robert Nice and The Nice Law Firm, in addition to other attorneys that Sann may have consulted prior to retaining Nice. In this lawsuit, Sann alleges that Mastrian committed legal malpractice by failing to meet a deadline for the filing of expert reports in the case *Landeen v. PhoneBILLit, Inc. et al*, 1:04-cv-01815-LJM-JMS. Sann did not appeal the dismissal of that case. *Landeen v. PhoneBILLit, Inc. et. al.*, 519 F. Supp. 2d 844 (S.D. Ind. 2007). Krieg DeVault, Jon Shields and Robert Nice also represented Sann during the pendency of the *Landeen* matter and have all been named as non-party defendants in this case for their alleged comparative fault arising from their advice and representation of Sann during that case.

Sann previously filed a Motion for Protective Order [Dkt. 103] in response to Mastrian's request for production of communications between Sann and Nice, which the Magistrate Judge granted [Dkt.110] and this Court affirmed on Mastrian's motion for reconsideration [Dkt. 121]. On November 22, 2011, Defendant served Robert Nice with a notice that defense counsel intended to depose him. Sann once again asserts attorney-client and work product privilege in seeking this protective order to prevent Nice from having to attend the deposition. Additionally, Mastrian seeks to compel Sann to answer certain questions that he refused to answer during his deposition on November 28, 2011 on the basis that such testimony was protected by the attorney-client privilege.

## II.
### DISCUSSION

In diversity cases, federal courts apply the applicable state law regarding attorney-client privilege. Fed. R. Evid. 501; *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987) (applying Indiana law). Indiana Code § 34-46-3-1 protects from mandatory disclosure "confidential communications made to [attorneys] in the course of their professional business, and … advice given in such cases." The client may explicitly waive this privilege by consenting to disclosure, or it can be waived by conduct attributed solely to the client. *Brown v. Katz*, 868 N.E.2d 1159, 1166 (Ind. Ct. App. 2007); *Lorenz*, 815 F.2d at 1098. When a holder of confidential information relies upon a legal claim or defense that requires confidential disclosure for its truthful resolution, the privileged may be implicitly waived. *Lorenz*, 815 F.2d at 1098.

### A. Nice May Not Be Compelled to Testify

Despite the Court's prior ruling to the contrary, Mastrian once again asserts that Sann has effectuated an at-issue waiver with regard to communications with counsel that occurred after the date of the alleged malpractice. Mastrian argues that, by bringing suit, Sann has put his fault and the fault of all of the non-party defendants at issue under the Indiana Comparative Fault Act, Ind. Code § 34-51-2, requiring inquiry into the advice received from Sann's other counsel, particularly Nice. Mastrian points to the Court's order stating that Sann may not use the attorney-client privilege as "both a sword and a

2

shield" and expressing concern that Sann's explanation as to why he did not appeal the *Landeen* decision may place the communication between Sann and all legal counsel at issue, effectively waiving the privilege. [Dkt. 121 at 4.]

This Court previously instructed the Magistrate Judge to conduct a conference with the parties to determine whether Sann intended to offer an explanation as to his decision not to appeal the *Landeen* case and whether such explanation would constitute an "at issue" waiver. [Dkt. 121 at 4-5.] During the conference with the Magistrate Judge on September 22, 2011, the parties indicated that further discovery would be necessary to make this determination. [Dkt. 124.]

Thereafter, Sann testified in his November 28, 2011 deposition that his motivation for not appealing the *Landeen* case had to do with the potential expense and his perception of the futility of an appeal based upon his conversation with Mastrian, not Nice. [Dkt. 138, Exhibit 1.] There is no indication that Sann intends to use an "advice of counsel" defense to address Mastrian's allegations that Sann failed to mitigate his damages by not filing an appeal; thus he has not put his communications with Nice at issue, and furthermore would be foreclosed from altering such position at trial. The mere speculation that subsequent attorneys provided Sann with advice regarding the decision not to appeal the *Landeen* case is not sufficient to put these communications at issue; Sann himself has to expressly put the communication at issue, and he has not done so here. Accordingly, all of the information claimed by Mastrian to be sought from Nice would be either privileged or attorney work product, which protections have not been waived. Therefore, the information allegedly sought by Nice's deposition is not discoverable.

Furthermore, even if the information allegedly sought from Nice were discoverable, Mastrian has not established a basis for obtaining that discovery from opposing counsel in this case. As noted by Judge Hamilton in *Harter v. University of Indianapolis*, 5 F. Supp. 2d 657 (S.D. Ind. 1998), courts are appropriately more skeptical when a party seeks to make a witness of opposing counsel, thereby subjecting that counsel to disqualification, because of the possibility that such effort "is an abusive tactic to hurt the opponent's ability to pursue his case." *Id.* at 663.

Indiana Rule of Professional Conduct 3.7 prohibits an attorney from acting as an advocate in a trial in which the lawyer is likely to be a necessary witness.[1] In *Harter*, Judge Hamilton addressed the issue of the propriety of an attorney offering testimony and the possible disqualification of counsel on the basis that she was a necessary witness. In that case, the University attempted to have Harter's attorney disqualified, arguing that her testimony was necessary because she had acted on behalf of her client in attempting to negotiate reasonable accommodations with his employer in an ADA case. The court found that "when a client files a lawsuit in which his or her state of mind (such as good faith or intent) may be relevant, **the client does not implicitly waive the attorney-client privilege as to all relevant communications unless the client relies specifically on advice of counsel to support a claim or defense.**" *Id*. at 664 (emphasis added). Even where the client's state of mind is relevant to the case, this is still not a sufficient basis for finding a waiver of the attorney-client privilege. *Id.* at 665. Importantly, the *Harter* court also found that an attorney is not a "necessary witness" under Rule 3.7 where the evidence that would be offered by having counsel testify could be elicited by other means so as to avoid the need for the disqualification of counsel. *Id.*

Mastrian has already obtained information about why Sann did not appeal the *Landeen* case from Sann himself. Mastrian has failed to articulate any reason why he cannot obtain whatever discoverable information that might be obtained from Nice from some other source—specifically Sann. Because any of the discoverable information Mastrian claims to seek from Nice could also have been obtained from Sann, a separate resource for that information exists, meaning that Nice is not a "necessary witness" within the meaning of Indiana Rule of Professional Conduct 3.7. Because there is no waiver of the attorney-client privilege with respect to Nice's representation of Sann and because Nice is not a necessary witness such that he ought to be compelled to testify, Sann's Second Motion for Protective Order [Dkt. 137] precluding the deposition of Nice, will be **GRANTED**.

**B. Sann May Not Be Compelled to Testify Regarding Privileged Communications**

---

[1] Local Rule 83.5(g) adopts the Indiana Rules of Professional Conduct as the rules governing conduct for attorneys practicing before this Court.

Mastrian uses similar arguments in his motion to compel deposition answers from Sann that were objected to on the basis of attorney-client privilege. Mastrian wants the Court to compel Sann to answer questions regarding what information he told any attorneys – both prospective counsel and Nice – about the *Landeen* case and the alleged malpractice, and what these attorneys told him in response. Mastrian argues that Sann has effectuated an at-issue waiver of the privilege by claiming that such advice was not a causative factor in the damages alleged, and alleges that Sann is using these communications as both a sword and a shield. [Dkt. 145 at 6.]

Mastrian again attempts to characterize a damages and mitigation issue as a causation issue, which this Court has already ruled is not sufficient to create an at-issue waiver. [Dkt. 107 at 5; Dkt. 121 at 3.] Sann's malpractice claim focuses on Mastrian's failure to meet an expert disclosure deadline, not his failure to appeal the court's ruling; thus, focusing on Sann's decision not to appeal the case goes to Mastrian's affirmative defense, not Sann's claim. The holder of the privilege, Sann, must be the one to place the communications at issue, and Mastrian's defenses may not serve to create a waiver. *Brown*, 868 N.E.2d at 1166. Rule 26(b)(1) permits the discovery of "any *nonprivileged* matter that is relevant to any party's claim or defense." While it is true that the disclosure of these communications might well be helpful and relevant to Mastrian's defense, their privileged nature makes them non-discoverable in the absence of waiver. Mastrian can cite to no evidence to support a claim that Sann has waived his privilege with regard to such communications.

As noted, Mastrian argues that Sann has effectuated an at-issue waiver by claiming he did not rely upon the advice of his counsel in deciding not to initiate an appeal in the *Landeen* case. Such an argument is the essence of circular sophistry. Under Mastrian's theory, if Sann claimed to have relied upon the advice of his counsel in electing not to appeal the *Landeen* case, he would have placed those attorney-client communications at-issue and thereby waived the privilege. However, if Sann claimed not to have relied upon the advice of his counsel in making the decision not to appeal *Landeen* – which is the evidence here – Mastrian claims that Sann's lack of reliance upon the advice of any counsel likewise puts at-issue any communications between Sann and any counsel from whom such advice could have been

5

obtained. Such a circular "damned if you do, damned if you don't" construct, if adopted by the Court, would effectively eviscerate the concept of at-issue waiver. That is simply not the law.

Just as the communications with Nice are privileged, communications with other attorneys that occurred after the date of the alleged malpractice fall square within the attorney-client privilege as well. *See Bassett v. State*, 895 N.E.2d 1201, 1206 (Ind. 2006) ("A communication is confidential if it 'occurred during an attempt to procure professional legal aid.'" (quoting *Mayberry v. State,* 670 N.E.2d 1262, 1266 (Ind. 1996))). Mastrian is not entitled to the information communicated to or the advice Sann sought from counsel, which is the very essence of what is protected by the attorney-client privilege. Accordingly, Mastrian's Motion to Compel Deposition Answers [Dkt. 144] will be **DENIED**.

### III.
#### CONCLUSION

For the foregoing reasons, Sann's Second Motion for Protective Order is **GRANTED**. Nice may not be compelled to testify and the notice of his deposition is hereby quashed. Mastrian's Motion to Compel Deposition Answers is **DENIED**.

12/21/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Brian L England
HUNT SUEDHOFF KALAMAROS LLP
bengland@hsk-law.com

Jessica L. Greyerbiehl
HUNT SUEDHOFF KALAMAROS LLP
jgreyerbiehl@hsk-law.com

Briane M. House
NORRIS CHOPLIN & SCHROEDER LLP
bhouse@ncs-law.com

Philip Edward Kalamaros
HUNT SUEDHOFF KALAMAROS
pkalamaros@hsk-law.com

Robert Joseph Nice
THE NICE LAW FIRM
rjnice@nice-law.com

Peter A. Schroeder
NORRIS CHOPLIN & SCHROEDER LLP
pschroeder@ncs-law.com